**CHALLENGE HOMES, INC., Appellant,**

v.

**COUNTY OF LUBBOCK et al., Appellees.**

No. 4504.

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

Rehearing Denied Dec. 31, 1971.

Small, Herring, Craig & Werkenthin, John F. Morehead, Austin, Norvell C. Callaghan, Glenwood, Minn., Dan Moody, Jr., Austin, for appellant.

Thomas J. Purdom, County Atty., McWhorter, Cobb & Johnson, Charles L. Cobb and Jack P. Driskill, Fred O. Senter, Jr., City Atty., James P. Brewster, Lubbock, Crawford Martin, Atty. Gen., Fisher A. Tyler, Austin, for appellees.

COLLINGS, Justice.

Challenge Homes, Inc. brought this suit against the County of Lubbock, the State of Texas, the City of Lubbock and the Lubbock Independent School District, asking the court to declare its property in Lubbock used as a nursing home for the elderly to be exempt from payment of ad valorem taxes. Plaintiff alleged that it was an institution of purely public charity. The case was tried before a jury and based upon the verdict, judgment was rendered declaring plaintiff's property not to be exempt from taxation and that plaintiff take nothing by its suit. Challenge Homes, Inc. has appealed.

Appellant presents one point of error in which it is contended that the court erred in overruling its motion for judgment notwithstanding the verdict.

This case involves Article 8, Section 1 and Section 2 of the Texas Constitution, Vernon's Ann.St. and Article 7150, Section 7, Vernon's Ann.Tex.St. Section 1 of Article 8 of the Constitution provides that all property shall be taxed. Section 2 of Article 8, and the statute in question provide as follows:

Article VIII of the Texas Constitution —Section 2:

"But the legislature may, by general laws, exempt from taxation . . . all buildings used exclusively and owned by . . . institutions of purely public charity."

Article 7150 V.A.T.S., Section 7:

"7. Public Charities. All buildings and personal property belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions, including hospital parking facilities, not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disa-

bled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when funds, property and assets of such institutions are placed and bound by its law to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons; and any corporation in this state of a nonprofit and purely charitable nature and formed for the charitable and benevolent purpose of preventing cruelty to animals, to promote humane and kind treatment of animals, and to aid and assist by all legal and proper means the enforcement of the laws of this state for the prevention of cruelty to animals of every kind and nature."

The jury in answer to the special issues tendered found in answer to Special Issue No. 1 that the funds, property and assets of Challenge Homes, Inc. were not placed and bound in perpetuity by its bylaws to relieve, aid and administer to those in want, sickness and distress; in answer to Special Issue No. 2 the jury found that Challenge Homes, Inc. does not dispense such aid to those in want or distress without regard to their poverty or sickness; in response to Special Issue No. 3 found that the ends accomplished by Challenge Homes, Inc. in its operations are not wholly benevolent; in answer to Special Issue No. 4 found that Challenge Homes, Inc. in its operations does not benefit persons, indefinite in number and personality, by preventing them, through absolute gratuity from becoming burdens to society; and in response to Special Issue No. 5 found that Challenge Homes, Inc. reserves the right to consider and act upon any applications for admittance by one who lacks both private and welfare sources for payment of care.

It is noted that the quoted constitutional provision does not in itself grant exemptions, but operates only to authorize the Legislature to do so within the limits defined. The findings of the jury which in our opinion are supported by the evidence show that appellant has not met the requirements set out in the statute. Consequently plaintiff's motion for judgment notwithstanding the verdict was properly overruled by the court.

The evidence shows that the only type of patient which appellant is designed to care for is one who pays either from the patient's own private funds or from funds which the patient receives from the state as public welfare. Any other type of patient, that is, one who applies for help but has no funds available from any source, would depend for admission to appellant's institution upon a decision of appellant's board of directors. This limitation on the admission qualifications of patients is not in compliance with the statute. The evidence further shows that 5% of the operating income of appellant's home and 8% of any surplus or profit is budgeted directly to the headquarters of the corporation. The evidence shows that appellant is a corporation with assets of $7,895,220.89 as of December 31, 1969, and that all of these assets were accumulated over a period of eight years since the corporation was conceived in 1961. In our opinion these profits are not used exclusively for the purposes indicated within the definition of "purely public charity".

The evidence does show that appellant provides a legitimate service which is greatly needed, but that such service is provided for a fee. Such fee is paid for by more than 60% of the patients for the benefit of the individual involved. Texas courts strictly construe constitutional and statutory tax exemptions accorded institu-

tions of purely public charity. Appellant, as indicated, provides benefits for its patients in exchange for money which is paid by the State for those burdens which society has assumed. But appellant does not relieve society of this burden. This burden is still being carried by the State by paying money to appellant for the upkeep of its welfare patients. Since appellant has failed to meet the burdens placed upon it by the statute as a prerequisite to being entitled to an exempt status on its properties, the judgment of the court was correct and appellant's motion for judgment notwithstanding the verdict was properly overruled. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Sup.Ct.1963).

The judgment is affirmed.